IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED
JUL 16 2013
July 16 2013
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| STEVE LISCANO<br><br>Defendant,<br><br>v.<br><br>UNITED STATES OF AMERICA<br><br>Respondent. | Cr. No. 02-CR-719<br><br>Civ. No. 09-CV-1347 |

**PETITION FOR WRIT OF AUDITA QUERELA
PURSUANT TO THE ALL WRITS ACT 28 USC § 1651(a)**

Defendant Steve Liscano (hereinafter Defendant) moves this Honorable Court by way of the common Law writ, Petitions for writ of Audita Querela, pursuant to the jurisdiction of 28 USC § 1651(a), 2008 U.S. Dist. (W.D.Va 2008) "the writ of audita querela … and other common law writs, was specifically abolished in federal civil actions by amendments to Fed. R. Civ. P 60(b)" effective in 1948. The United States Supreme Court has recognized, however, that the ancient writ of coram nobis is still available to attack a criminal conviction, with jurisdiction vested under the All Writs Act, 28 USC § 1651(a). See *United States v. Morgan* 346 U.S. 502, 74 S. Ct. 247, 98 L. Ed 248 (1954). Accordingly, courts have generally held that a writ of audita querela may still be available under extraordinary and extreme rare circumstances. *United States v. Reyes* 945 F.2d 862, 865-866 (5th Cir. 1991) (citing other cases). Specifically, the writ of

1

audita querela is available, if at all, where a legal objection to a conviction, arisen after the conviction, and could not have been raised in some other post-conviction such as a motion to vacate, set aside or correct sentence, pursuant to 28 USC § 2255. *United States v. Holder* 936 F. 2d 1, 5 (1st Cir. 1991). The defense or discharge must be a legal defect in the conviction. *United States v. Johnson* 962 F. 2d 576 (7th Cir. 1992) "audita querela is an old common-law writ permitting a defendant to obtain relief against a judgment or execution because of some defense or discharge arising subsequent to the rendition of the judgment," Charles A. Wright and Arthur R. Miller, Federal Practice and Procedure § 2867 AT 235 (1935), AT 582.

A Writ of audita querela is a common law writ that has been abolished by the Rules of Civil Procedure, but has survived as a remedy for defective criminal convictions to fill the interstices of the federal post-conviction remedial framework. *United States v. Valdez-Pacheco* 237 F. 3d 1077, 1079 (9th Cir. 2000) (quoting *Doe v. Ins* 120 F. 3d 200, 203 (9th Cir. 1997), cited with approval in *In re Watkins* 223 Fed. Appx. 265, 2007 Wl 1041035 (4th Cir. 2007). The United States Supreme Court, in *Carlisle v. United States* 517 U.S. 416, 428-29, 116 S. Ct. 1460, 134 L. Ed 2d 613 (1996) quoting *Pennsylvania Bureau of Corrections v. Unites States Marshall Service* 477 U.S. 34, 43; 106 S. Ct. 355, 88 L. Ed 2d 613 (1985) stated "the All Writ Act is a residual source of authority to issue writs that are not otherwise covered by statute."

On November 20, 2002, the Defendant was charged in a fifteen count indictment in which he was convicted in count one with conspiracy to knowingly and intentionally possess with intent to distribute a controlled substance in excess of 5 kilograms of cocaine, a schedule II narcotic drug, in violation of Title 21 USC § 841(a)(1), and in violation of Title 21 USC § 846 and Title 18 USC § 2.

On May 21, 2003, the government filed an "Information and Notice of Prior Convictions" as to the State prior offenses, which is as follows:

1. "The defendant was convicted of possession of a controlled substance in the Kane County Circuit Court on or about July 31, 1995, and sentenced to two years imprisonment."

2. "The defendant was convicted of possession of Cannabis in Kane County Circuit Court on or about September 15, 1995, and sentenced to fines and costs."

3. "The defendant was convicted of possession of a controlled substance in the Kane County Circuit Court on or about June 20, 2001, and was sentenced to eighteen months." See (Gov. Notice at exhibit ___ )

In regards to the government's 21 USC § 851 notice, the Defendant filed a response alleging that (1) he disputes the fact of his conviction of number two of possession of cannabis in Kane County due to the background information contained in the Presentence Investigation Report pages 9-10; (2) he was arrested on May 27, 1995, and charged with misdemeanor possession of marijuana; (3) the Court record is correct that judgment was entered on a bond forfeiture, and defendant was sentenced to a fine and/or costs. However, it was not a conviction as contemplated by either the sentencing guidelines or 21 USC § 841 and § 851. It was a minor misdemeanor case involving less that 2.5 grams of marijuana, a class (c) misdemeanor under 720 ILCS 550-4(a); and (4) Additionally, one of those other two convictions was for less than five grams of cocaine and the other was for possession of residue on a scale. See (Defense Response to Gove. Notice at exhibit ___ ).

Defendant was found guilty on June 17, 2003 and sentenced on November 29, 2005. At sentencing the defense brought to the Court's attention the prior convictions used does not

constitute an enhancement under the double penalty provision of 21 USC § 841(b)(1)(A). See (Sentencing Hearing transcripts at exhibit ____).

Defendant filed a timely direct appeal to the United States Court of Appeals for the Seventh Circuit, which was affirmed on July 17, 2007. Defendant filed a timely 28 USC § 2255 motion which was denied in 2011.

Defendant moves this Court to fit the manner in which his § 851 sentence was executed based upon the new Supreme Court's ruling in *Moncrieffe v. Holder* decided April 23, 2013, which held "A conviction under either State or Federal law may qualify, but a State Offense must constitute a felony punishable under the Controlled Substance Act only if it proscribes conduct punishable as a felony under that federal law." *Lopez v. Gonzalez* 549 U.S. 47, 60 (2005).

In *Lopez v. Gonzalez*, the Supreme Court was faced with the issue whether a defendant's prior conviction was categorized as a misdemeanor in the State of Washington where the charged conduct was six grams. The Court in Lopez, *supra*, reasoned that although the State charged his prior crime as a misdemeanor his drug amount was over the federal felony criminal statue of 21 USC § 844 [misdemeanor] of more than five grams. Thus, calling for the State misdemeanor to be classified as an aggravated felony causing him to be deportable under 8 USC § 1227(a)(2)(iii), and is ineligible for discretionary relief. See 8 USC § 1158(b)(2)(A)(ii)(B)(i).

Defendant contends that the misdemeanor charges and the other two cases he was convicted under do not meet the criteria as articulated in Lopez, and now *Montecrieffe, supra*, which held "When the Government alleges that State convictions qualifies as an 'aggravated felony' under the INA, we generally employ a categorical approach to determine whether the

4

State offense in comparable to an offense listed in the INA". See, e.g. *Nijhawan v. Holder* 557 U.S. 29, 33-38 (2009); *Gonzales v. Duenas-Alvarez* 529 U.S. 183, 185-187 (2007). Under this approach we look "not to the facts of the particular prior case, but instead to whether the state statute defining the crime of conviction categorically fits within the generic federal definition of a corresponding aggravated felony." Id. At 186, citing *Taylor v. United States* 495 U.S. 575, 599-600 (1990). By "generic" we mean the offenses must be viewed in the abstract, to see whether the statute shares the nature of the federal offense only if a conviction of the state offense 'necessary' involved … facts equating to [the] generic [federal offense]."

The defendant's July 31, 1995 sentencing hearing in the State court, on one of the prior (predicate) convictions that was used went as follows:

>  **Court:** The charge of unlawful possession of controlled substance. Class 4 felony carries a fine up to $15,000.00, and up to three years Department of Corrections. (S. H. from Kane County Court, pg. 3 lines 4-6).

On June 20, 2001 the defendant was sentenced to case number 00-Cf-1533 by the Illinois Kane County Court, which went as follows:

> **Court:** It's my understanding you intend to plead guilty to unlawful possession of controlled substance, Class 4 felony. If convicted, you could be sentenced to 1 to 3 years to the Department of Corrections. (S. H. pg. 2 lines 12-16.)
>
> **Defendant:** Yes.
>
> **Mr. Irvin, Prosecutor:** The fact would show that the Kane County Sherriff's Office, during the execution of a search warrant, went into the Defendant's residence, into his living area, and found 0.8 grams of cannabis—I'm sorry, strike that … 0.9 grams of a substance which tested positive for cocaine and $2,000.00 United States Currency, those circumstances occurring in Kane County. (pg. 6 lines 3-10)
>
> **Court:** Is that your understanding? (pg. 6 line 23)
>
> **Mr. Dixon:** I believe so your Honor. (pg. 6 line 14)

On October 28, 2003, during the Sentencing Hearing in this case, the Court, counsel, the AUSA and the Defendant made the following statements while addressing the prior state convictions:

**Court:** You're saying that the underlying facts of conviction in 2001 for which you were sentenced to 18 months was for possession of a scale, not a controlled substance? (pg. 22 lines 16-18)

**Defendant:** I believe it was a scale, your Honor, but since it had residue, they charged it as a controlled substance. I do not believe it was drugs. It was a scale with residue. (pg. 22 lines 19-22)

**Court:** And you pleaded guilty knowing that it was a charge of possession of a controlled substance and that the underlying facts were that the controlled substance was residue of illegal drugs, less than one gram of residue of illegal drugs on a scale? (pg. 23 lines 20-24_

**Defendant:** Yes, your Honor. I didn't know that it could be taken so serious seeing that it was simply residue. (pg. 23 lines 25 and pg. 24 line 1)

**Court:** And it's the government's position that based upon those two convictions the government is seeking in this case a life sentence? (pg. 25 lines 3-5)

**Mr. Beaumont:** That's correct, Judge, we are. (pg. 25 line 6)

**Court:** And it's the government's position it is mandatory? (pg. 25 lines 7-9)

**Mr. Beaumont:** It is our position it is mandatory, Judge. (pg. 25 lines 9-10)

**Defendant Liscano:** But somehow I'm getting stuck with the 851 and my drug amounts are way less than anywhere near comparison to what they have been convicted of. And my cases are simply possession; simple possession ... Mines was nowhere near as serious as theirs were. (pg. 34 lines 8-13)

**Court:** Okay. And your position on that is what, it's not fair? (pg. 34 lines 14-15)

**Defendant:** Your honor, I have also read in some cases that it—it can be left up to you and in the Seventh Circuit it says that it can be left up to the district court, I believe meaning you, whether or not you choose or whether or not you can depart from the 851 enhancement or whether or not you can depart from the life sentence. (pg. 35 lines 6-11)

**Court:** Well, that's true; I can if there is a reason to depart. There has to be a reason to depart, and it has to be based upon facts that appropriately demonstrate that departure is the appropriate sentence in the case, although I don't know that I can depart if there is a mandatory life sentence that's imposed under the

6

requirements of section 851. In fact, I don't believe I can. Maybe Mr. Loeb can help me out on that. (pg. 35 lines 12-19)

**Mr. Loeb:** I have not found authority for that. I should explain that Mr. Liscano was headed in the direction of pointing out the belief that the criminal history category, which would be level VI under the PSI's calculation, based on the more minor nature of his charges, overstates the seriousness of his underlying convictions such that the application of 851 and 841 would not be just in this case. (pg. 35 lines 20-25 and pg. 36 lines 1-5)

**Court:** Is that your position, Mr. Liscano? (pg. 36 line 6)

**Defendant:** Yes, your Honor. (pg. 36 line 7)

Defendant was sentenced on November 30, 2005, to a life sentence pursuant to the 21 USC § 851 enhancement. Defendant raised a challenge to his § 851 enhancement on direct appeal; which was denied in 2007. On Defendant's 28 USC § 2255 motion and supporting memorandum, he raised a challenge to the § 851 enhancement; which was denied July 18, 2011.

The defendant requests this Honorable Court to consider the reasoning in Moncrieffe, *Supra*, "In other words, to satisfy the categorical approach, a state offense must meet two conditions: It must necessarily proscribe conduct that is an offense under the CSA, and the CSA must necessarily proscribe felony punishment for that conduct... We begin with the relevant conduct criminalized by the CSA. There is no question that it is a federal crime to 'possess with intent to ... distribute ... a controlled substance,' 21 USC § 841(a)(1), one of which is marijuana, § 812(c), so far as the State and Federal provisions correspond. But this is not enough because the generically defined federal crime is 'any felony punishable under the Controlled Substance Act, 18 USC § 924(c)(2), not just any 'offense' under the CSA. Thus we must look to what punishment the CSA imposes for this offense."

In Defendant's case, neither prior drug convictions meet the "elements" of the generic federal offense defined in Moncrieffe, *supra*, nor does the CSA punish that offense as a felony. The *Moncrieffe* court held that if the prior drug offense is considered a misdemeanor under the CSA, the government cannot deport Moncrieffe. Defendant's case, like the Moncrieffe case, follows the same line of legal challenge to categorizing what constitutes a felony for § 851 as that Court held what constitutes a prior state offense as a felony under the Controlled Substance Act. See Moncrieffe, *supra*, "Marijuana distribution is neither a felony nor a misdemeanor until we know whether the conditions in paragraph (4) attach: § 841(b)(1)(D) makes the crime punishable by five years' imprisonment 'except as provided' in paragraph (4), and § 841(b)(1)(E) makes it punishable as a 'misdemeanor', or notwithstanding paragraph (1)(D), when only a small amount of marijuana for no remuneration is involved."

Defendant moves this Honorable Court to grant his writ of audita querel since this Court has jurisdiction and the means to do so as articulated by the Seventh Circuit precedents. *United States v. Kimberlon* 675 F. 2d 866 (7th Cir. 1982) "Rule 60(b) of the Federal Rules of Civil Procedure, in creating a procedure for relief from a final judgment in a civil case, expressly abolished the writ of audita querela, but we cannot conclude from this that the writ is unavailable in a federal criminal case." In *Morgan v. United States*, *supra*, the Court held that the abolition by Rule 60(b) of coram nobis was limited to civil proceedings and we assume the same result would be reached if a criminal defendant could show that relief from a judgment be means of audita querela was necessary to plug a gap in the system of federal post-conviction remedies, at 869; *United States v. Johnson* 962 F. 2d 579 (7th Cir. 1992) "The government's response … draws support from the consensus of the circuits that audita querela, if available at all in criminal proceedings, can be used to correct legal defects in an underlying criminal conviction or sentence

arising subsequent to a conviction. See *United States v. Reyes* 945 F. 2d 862 (5th Cir. 1991); *United States v. Holder* 936 F. 2d 1, 3 (1st Cir. 1991); and *United States v. Ayala* 282 App. D.C. 266, 894 F. 2d 425, 426 (D.C. Cir. 1990) at 581-82."

Defendant would like to be held to the sentence of what the drug amounts had produced which was 184 months after the state prior conviction for drug amounts under the CSA, five grams misdemeanor is taken into account as articulated by the Supreme Court's *Moncrieffe*.

In short, Defendant asserts that his state conviction of Possession of a Controlled substance is not a qualifying predicate offense that would lawfully support an enhancement under § 851. Defendant respectfully moves this Court to correct his unjust sentence.

Defendant would like to be held to less stringent standards than formal pleadings drafted by attorneys, *Haines v. Kerner* 404 U.S. 519 (1972), this be his prayer.

Dated this __7th__ day of the month of July, 2013.

_Steve Liscano #14996-424_
Steve Liscano, ID # 14996-424
P.O. Box 2068
USP Big Sandy
Inez, KY 41224

## Certificate of Service

In compliance with 28 USC § 1746, I, Steve Liscano, affirm, under the penalty for perjury, that I placed, as filed, this **PETITION FOR WRIT OF AUDITA QUERELA PURSUANT TO THE ALL WRITS ACT 28 USC § 1651(a)** with first-class postage prepaid in the prison mail system addressed to the Clerk of Court for the United States Court for the Northern District of Illinois, Eastern-Division.

Dated this __7th__ day of the month of July, 2013.

_____
Steve Liscano, ID # 14996-424
P.O. Box 2068
USP Big Sandy
Inez, KY 41224