UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>STEVE LISCANO | No. 02 CR 719-16<br><br>Hon. Thomas M. Durkin |

### GOVERNMENT'S REPONSE TO
### STEVE LISCANO'S MOTION TO REDUCE HIS LIFE SENTENCE

The UNITED STATES OF AMERICA, by its attorney, JOHN R. LAUSCH, JR., United States Attorney for the Northern District of Illinois, hereby requests that this Court deny Steve Liscano's Motion to Reduce his Life Sentence because he is ineligible for relief under 18 U.S.C. § 3582(c)(1)(a) and has not established "extraordinary and compelling reasons" that warrant a sentence reduction.

**I. BACKGROUND**

**A. Offense Conduct and Procedural History**

Between September 2001 and June 2002, defendant Steve Liscano actively participated in a narcotics trafficking conspiracy run by the Latin Kings gang. On or about November 20, 2002, a grand jury in the Northern District of Illinois returned an indictment charging the defendant with conspiracy to possess with intent to distribute more than five kilograms of mixtures containing cocaine, in violation of 21 U.S.C. §§ 841(b)(1(A) and 846.[1] R. 131. Prior to trial, the government filed an information notifying the defendant of its intent to seek an enhanced sentence based

---

[1] Citations to the record of defendant's criminal case are to "Dkt.," followed by the relevant document number.

on his Illinois convictions in 1995 and 2000 for possession of a controlled substance (less than 15 grams of cocaine), each under 720 Ill. Comp. Stat. 570/402(c), for which the defendant received prison sentences of two years and eighteen months, respectively. R. ___; *see* 21 U.S.C. § 841(b)(1)(A) (2000); 21 U.S.C. § 802(44) (defining "felony drug offense"); 21 U.S.C. § 851.[2]

On June 17, 2003, the defendant was convicted by the jury. R. 606. The jury returned a special verdict finding that the conspiracy involved more than five kilograms of cocaine.[3] On November 30, 2005, after extensive sentencing proceedings, the sentencing court found that the defendant was responsible for conspiring to distribute 12 to 13 kilograms of cocaine.

During the November 30, 2005, hearing, the sentencing court heard argument on the defendant's claim that the § 851 notice filed by the government was unconstitutionally vague and otherwise improper. The court found that the defendant was provided with sufficient notice, in compliance with the statute, and that two of the three listed offenses qualified as a predicate for enhancement under 21 U.S.C. § 841(b)(1), Dkt. 736-16 at 37-39, 59-60, despite the court's earlier expressed view that neither of the prior convictions were what the court "would consider to be

---

[2] Section 402(c) read materially the same in 1995 and 2000: "Any person who violates this Section with regard to an amount of a controlled or counterfeit substance not set forth in subsection (a) . . . is guilty of a Class 4 felony. . . ." 720 Ill. Comp. Stat. 570/402(c) (1995, 2000). In both versions of the statute, the lowest quantity of cocaine set forth in Section 402(a) was 15 grams. *Ibid.* As discussed below, the notice also documented a third conviction, which was not relied upon by the court in imposing an enhanced penalty.

[3] Dkt. 606 (7th Cir. Aug. 7, 2007).

extremely aggravated offenses of involvement with controlled substances," *see* Sent. Tr. (Oct. 28, 2003) (Dkt. 662) at 38.

Ultimately, based on the jury's finding that the defendant's offense involved more than five kilograms of cocaine, and on the defendant's prior drug convictions, the sentencing court imposed a statutory mandatory sentence of life imprisonment, pursuant to 21 U.S.C. § 841(b)(1)(A). Dkt. 736-17 and 736-18.

On direct review, the defendant challenged the sufficiency of the evidence and argued there was a fatal variance between the indictment and the proof at trial. *United States v. Bustamante*, 493 F.3d 879, 884-88 (7th Cir. 2007). In addition, he preserved two arguments that were foreclosed by binding precedent. First, he argued that the jury's finding concerning the drug quantity involved in the conspiracy was insufficient to enhance an individual conspirator's sentence under § 841(b)(1). *Id.* at 888, n.4. Second, he argued that *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), which held the fact of a prior conviction used for recidivist sentencing must neither be alleged in the indictment nor proven at trial beyond a reasonable doubt, was incorrectly decided. *Bustamante*, 493 F.3d at 888, n.4. This Court affirmed the defendant's conviction and sentence. *Bustamante*, 493 F.3d at 893.

On March 3, 2009, the defendant filed a *pro se* motion under 28 U.S.C. § 2255, alleging that he received constitutionally deficient representation from his trial counsel. *See United States v. Liscano*, No. 09-cv-1347 (N.D. Ill.). The sentencing court denied the motion in July 2011, and the Court of Appeals denied the defendant's request for a certificate of appealability. *Id.* at 181, 182.

On March 9, 2015, the defendant filed a motion to reduce his life sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782 to the United States Sentencing Guidelines. Dkt. 710. On January 16, 2018, he withdrew this motion. Dkt. 721.

In October 2017, the defendant filed a *pro se* petition for writ of habeas corpus in the Central District of Illinois, the district where the facility in which he was housed was located. *See Steven R. Liscano v. Tom Watson*, No. 1:17-cv-01449-SEM-TSH (C.D. Ill. Oct. 6, 2017); *In re Davenport*, 147 F.3d 605 (7th Cir. 1998); 28 U.S.C. §§ 2241, 2255(e). In this motion, the defendant argued that the Supreme Court's clarifying decision in *Mathis v. United States*, 136 S. Ct. 2243 (2016), rendered his prior drug convictions categorically broader than the definition of "felony drug offense" in 21 U.S.C. § 802(44).

The district court dismissed the defendant's petition, holding that under § 2255(e),[4] defendant was barred from seeking relief under § 2241, because he could have, but did not, seek such relief on direct review or in his first § 2255 motion. *Liscano v. Kallis*, 2019 WL 8333551, 2019 U.S. Dist. LEXIS 229933 (C.D. Ill. Feb. 5, 2019), reconsideration denied, 2019 WL 8333552, 2019 U.S. Dist. LEXIS 229934 (C.D. Ill. Mar. 1, 2019). In reaching this conclusion, the district court found that the Supreme Court in *Mathis* did not announce a new rule, see 2019 WL 8333551 at * 3

---

[4] Section 2255(e) provides that a motion brought pursuant to § 2241 "shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention."

28 U.S.C.A. § 2255 (West)

4

(citing *Teague v. Lane*, 489 U.S. 288, 301 (1989) (plurality opinion) and *Mathis*'s statement, "Our precedents makes this a straightforward case . . . . ," 136 S. Ct. at 2257), and that the defendant's claim was not foreclosed by binding precedent at the time of his appeal and first § 2255 motion, *id.* at 3-4 (citing *Montana v. Cross*, 829 F.3d 775, 784 (7th Cir. 2016); *United States v. Elder*, 900 F.3d 491, 498 (7th Cir. 2018)).

In dismissing the petition, the district court explicitly declined to determine whether the defendant's sentence constituted a miscarriage of justice, and noted that the Seventh Circuit's 2018 decision in *Elder* held that the definition of "felony drug offense" called for the categorical approach, and "[found] a similar . . . state statute to not qualify as a felony drug offense." *Id.* at 4.

The defendant appealed, and the Seventh Circuit affirmed that district court's judgment. holding that, because the defendant "could have obtained in 2003 or 2009 a decision on the same line of argument he presents now, . . . § 2255 does not suffer from the sort of structural problem that allows him to invoke § 2241." *Liscano v. Entzel*, 839 F. App'x 15, 16-17 (7th Cir. 2021).

Defendant is currently serving his sentence at Pekin FCI. He is 44 years old, and based on his medical records, in good health.

On May 18, 2021, defendant filed a motion to reduce his life sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), as amended by Section 603 of the First Step Act. In his motion, defendant seeks a reduction of his sentence to 210 months' imprisonment. Dkt. 694. The government responds as follows.

## ARGUMENT

### I. The Defendant Is Ineligible for Relief Under 18 U.S.C. § 3582(c)(1)(A).

#### A. Legal Standard

As amended by Section 603(b) of the First Step Act of 2018, Pub. L. 115-391, Title 18, United States Code, Section 3582(c)(1)(A) provides:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction; or
>
> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Direct of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Pursuant to Congress's directive, prior to the enactment of the First Step Act, the Sentencing Commission promulgated U.S.S.G. § 1B1.13, which sets forth the Sentencing Commission's policy statement with respect to § 3582(c)(1)(A). Consistent with § 3852(c)(1)(A)(i), § 1B1.13 provides that a court may reduce a term of imprisonment, after considering the § 3553(a) factors, if three criteria are satisfied:

(1) "extraordinary and compelling reasons warrant the reduction"; (2) "[t]he defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)"; and (3) the reduction is consistent with the factors set forth in 18 U.S.C. § 3553, to the extent relevant. U.S.S.G. § 1B1.13.

As Congress expressly directed, the Sentencing Commission's policy statement defined the "extraordinary and compelling reasons" that might warrant a sentence reduction under § 3582(c)(1)(A)(i). *See* 28 U.S.C. § 994(t) ("The Commission, in promulgating general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) of title 18, shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples. Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason."); *United States v. Saldana*, 807 Fed. App'x. 816, 819 (10th Cir. 2020).

Application Note 1 to Guideline § 1B1.13 limited the "extraordinary and compelling reasons" for which a sentence reduction may be appropriate to the following particular circumstances:

> 1. The defendant suffers from a "terminal illness" or his physical or mental condition "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13 cmt. n.1(A).
>
> 2. The defendant is at least 65 years old, is experiencing a serious deterioration in physical or mental health because of the aging process, and has served the lesser of 10 years or 75% of his sentence. *Id.* § 1B1.13 cmt. n.1(B).
>
> 3. The defendant's family circumstances include either the death or incapacitation of the caregiver of the defendant's minor child or minor

>children or the incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner. *Id.* § 1B1.13 cmt. n.1(C).
>
>4. "As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." *Id.* § 1B1.13 cmt. n.1(D).

U.S.S.G. § 1B1.13, cmt. n. 1.

In *United States v. Gunn*, 980 F.3d 1178 (7th Cir. 2020), the Seventh Circuit held that, because Guideline § 1B1.13 has not been amended following the enactment of the First Step Act, "the Guidelines Manual lacks an 'applicable' policy statement covering prisoner-initiated applications for compassionate release." *Id.* at 1181. Therefore, the court held, district courts are free to consider motions for a sentence reduction on grounds other than the categories of extraordinary and compelling reasons listed in Guideline § 1B1.13, as limited by the statute itself. *Id.* However, the court pointed out that:

>[t]he substantive aspects of the Sentencing Commission's analysis in §1B1.13 and its Application Notes provide a working definition of "extraordinary and compelling reasons"; a judge who strikes off on a different path risks an appellate holding that judicial discretion has been abused.

*Id.* at 1180. Therefore, under *Gunn*, Guideline § 1B1.13 remains instructive, though not exhaustive, in determining the meaning of the term "extraordinary and compelling reasons" for purposes of § 3582(c)(1)(A)(i).[5]

---

[5] The government argued in *Gunn* and in numerous other cases that Guideline § 1B1.13 is binding on the district court in determining motions for compassionate release brought by defendants and that courts lack authority to grant relief under the statute on bases other than those enumerated in the application notes that accompany § 1B1.13. The government acknowledges that this argument is foreclosed by *Gunn*. However, the government preserves

### B. The Defendant Has Exhausted His Administrative Remedies.

As noted above, § 3582(c)(1)(A) provides that "the court, . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . ."

On April 3, 2021, the defendant submitted an administrative request for compassionate release or a reduction of his sentence to the warden of his facility, and his request was denied on April 30, 2021. Because more than 30 days have elapsed since the warden received the defendant's request, the defendant has satisfied § 3582(c)(1)(A)'s exhaustion requirement.

### C. The Defendant Has Not Established that Extraordinary and Compelling Reasons Warrant a Reduction of His Sentence Under § 3582(c)(1)(A)(i).

The defendant makes multiple arguments in support of his request for a sentence reduction. The government addressed these arguments in turn.

#### 1. Defendant's Challenges to His Conviction and Sentence

Defendant argues for a reduction in his sentence on the ground that he was erroneously sentenced to mandatory life imprisonment, and that neither he, nor any other defendant in similar circumstances, would receive the same sentence if the

---

for potential further review its arguments that *Gunn* was wrongly decided and that a sentence reduction may be granted under § 3582(c)(1)(A)(i) only where the defendant has established an extraordinary and compelling reason, as defined by Application Notes 1(A) through 1(C) to Guideline § 1B1.13.

sentencing were to occur today, in light of § 401 of the First Step Act. The government concedes these facts.

Specifically, as the defendant correctly notes, neither of the prior convictions relied upon by the sentencing court to support defendant's life sentence qualify as § 841(b) predicates under the Supreme Court's decision in *Mathis v. United States*, ----U.S.---, 136 S. Ct. 2243 (2016) (holding that state conviction may serve as § 841(b) predicate only if, applying the categorical approach, the elements of the statute of conviction necessarily entail the conduct identified in § 802(44)), and *United States v. Ruth*, 966 F.3d 642 (7th Cir. 2020) (finding Illinois conviction for possession with intent to deliver cocaine was not predicate "felony drug offense" to support an enhanced statutory sentencing range under 21 U.S.C. §§ 841(b) and 851 because the state statute was broader than the relevant federal statute),. Defendant previously sought relief from his sentence on this ground, but such relief was denied in the district and appellate courts because the defendant was unable to meet the statutory requirements of 28 U.S.C. §§ 2255 and 2241. The government concedes that, under *Mathis* and *Ruth*, defendant's life sentence was erroneously imposed, and that the record indicates that, absent application of § 841(b)(1), the defendant would not have qualified for a life sentence, and the district court would not have imposed one.

Section 401 of the First Step Act amended 21 U.S.C. § 841(b) to lower the mandatory minimums and replace the definition of "felony drug offense" with the more restrictive term, "serious drug felony." Were this provision to be applied in defendant's case, at least one of the prior convictions relied upon by the district court

to enhance defendant's sentence would no longer qualify as a predicate for enhancement. Thus, once again, the government concedes that, were defendant sentenced today, under § 401 of the First Step Act, defendant would not be subject to a statutory minimum sentence of life.

Defendant further argues that a sentence reduction is further supported by the circumstances underlying the information filed by the government under 21 U.S.C. § 851 to disclose its intent to seek enhanced penalties based on the defendant's prior convictions. As the sentencing court correctly held, the government's § 851 notice fully complied with the statute and was sufficient to give the defendant notice of the government's intentions, particularly in view of the fact that the experienced counsel with whom defendant conferred denied having been in any way confused or misled by the notice with respect to the government's intent to seek a mandatory life sentence. Nevertheless, the government agrees that the notice filed in this case was not in a form generally used in this district, that it did not expressly state that the government would seek a mandatory life sentence, and that inclusion of more detail—particularly with respect to the potential of a mandatory life sentence—is a better practice, and the general practice of this office.

As for defendant's argument that the filing of an § 851 notice in this case amounted to a "trial tax," although the issue of filing § 851 notices was not sorted out until trial approached, the court confirmed with the prosecutor that the government's position was that, "as to all defendants [it] would consider the 851 enhancement unless the defendant did not put the government to its burden?" Sent Tr. (Oct. 28,

2003) (Dkt. 662) at 37. The law is clear that the government may grant concessions to obtain a guilty plea; a defendant who rejects such concessions is not subject to an unconstitutional "tax." Nevertheless, the government concedes that it would not seek, and the court would not impose, a life sentence today, regardless of whether the defendant elected to plead guilty or exercise his right to trial.

Unfortunately, however, as a legal matter, none of these facts, singly or in combination, constitutes an extraordinary and compelling reasons warranting a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i).

Under 18 U.S.C. § 3582(c)(1)(A)(i), the Court may reduce a sentence only if "extraordinary and compelling reasons warrant such a reduction." The term "extraordinary and compelling" is not defined, so the Court must "give the term its ordinary meaning." *Taniguchi v. Kan Pacific Saipan, Ltd.*, 566 U.S. 560, 566 (2012). "'Extraordinary' is a subset of 'unusual.'" *United States v. Krlich*, 257 F.3d 689, 693 (7th Cir. 2001). Thus, a command restricting judicial relief to "'extraordinary' conditions must be taken seriously." *Ibid.*

In light of these limits, an "extraordinary" reason for compassionate relief must be something rare and context-specific, rather than a circumstance that is ordinary and generic. For example, while unvaccinated humans appear highly susceptible to contracting COVID-19, a defendant can qualify for § 3582(c)(1)(A)(i) relief only if "individualized circumstances" establish special vulnerability to the virus while imprisoned. *United States v. Joiner*, 988 F.3d 993, 996 (7th Cir. 2021). Indeed, if the defendant fails to present arguments "'individualized to the facts' of the movant's

case," the district court may pass over them in silence. *Id.* at 995 (quoting *United States v. Hancock*, 825 F.3d 340, 344 (7th Cir. 2016)).

Defendant's challenges to his sentence are not individualized. Instead, defendant relies on grounds applicable to a broad class of offenders sentenced to enhanced penalties based on prior convictions later determined not to qualify as predicates under § 841(b). Applying the plain meaning of the term "extraordinary," a common, class-wide circumstance is not, and cannot be deemed, "extraordinary," and therefore cannot support a grant of relief under § 3582(c)(1)(A)(i).

Changes in the law occur with some frequency, and to the extent that such changes are retroactively applicable to defendants whose convictions and sentences have become final, they may provide a basis for post-conviction relief—subject to the substantive and procedural limits set by Congress. *See Hawkins v. United States*, 706 F.3d 820, 824-825 (7th Cir. 2013); *Conrad v. United States*, 815 F.3d 324, 327-328 (7th Cir. 2016). The hurdles that defendants must surmount under 28 U.S.C. §§ 2255 and 2241 and related statutes are faced by all federal defendants; thus, a defendant's having been barred from relief based on applicable statutes cannot be deemed "extraordinary." Nothing in § 3582(c)(1)(A)(i) suggests that it was intended to permit the procedural hurdles enacted by Congress to be dispensed with anytime a sentence is later judged unfair—based on subsequent changes in the law or any other consideration. Challenges to a defendant's conviction or sentence do not fall within the ambit of § 3582(c)(1)(A)(i)'s required showing of "extraordinary and compelling reasons" warranting consideration of a sentence reduction.

The Seventh Circuit recently made this clear in the context of a motion for compassionate release based on amendments to § 924(c) effected by a different provision of the First Step Act, § 403. *United States v. Thacker*, No. 20-2943, 2021 WL 2979530, at *3-4 (7th Cir. July 15, 2021). In that case, the court expressly held that "the amendment [to § 924(c)], whether considered alone or in connection with other facts and circumstances, cannot constitute an 'extraordinary and compelling' reason to authorize a sentencing reduction" because Congress explicitly decline to make the change retroactive. Likewise, the court rejected the notion that disparity between sentences imposed before and after the enactment of the amendment provides no grounds for § 3582(c)(1)(A)(i) relief. *Id.* As in the case of the First Step Act's amendments to 18 U.S.C. § 924(c), Congress elected to make the Act's amendments to 21 U.S.C. § 841(b) prospective only. Thus, *Thacker*'s holding applies with equal force here. Accordingly, "extraordinary and compelling reason" warranting a sentence reduction "cannot include, whether alone or in combination with other factors, consideration of the First Step Act's amendment" to § 841(b). *See Thacker*, 2021 WL 2979530, at *6. *See* also *United States v. Arojojoye*, 806 Fed. App. 475, 47-78 (7th Cir. 2020) (district court lacked jurisdiction to review motion for compassionate release that was properly construed as an unauthorized, successive § 2255 motion). District courts are not free to grant relief based on challenges to the defendant's conviction or the sentence previously imposed, where such relief is not available through normal post-conviction procedures.

Accordingly, defendant's challenge to the severity of his sentence relating to the § 841(b) enhancement, or arguments concerning proceedings in the trial court, provide no basis—singly or in combination with other facts—for the Court to find extraordinary and compelling reasons for consideration of a sentence reduction.

### 2. Rehabilitation

Defendant also cites his proactive steps toward rehabilitation as a reason for early release. Dkt. 0736-0008. Defendant participated in multiple courses an self-improvement activities offered by BOP. These actions are commendable, but they cannot, standing alone, constitute an extraordinary and compelling reason to consider a sentence reduction. *See* 28 U.S.C. § 994(t) ("Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason.").

### 3. Family Circumstances

Defendant argues that his young daughter's needs, and his desire to be a father to her, constitute another extraordinary and compelling reason warranting a sentence reduction. Defendant's desire to care for his daughter, particularly in light of her age and the length of defendant's incarceration, is completely understandable. However, defendant is not the only available caregiver for his daughter, who lives with, and is supported by, her mother. Dkt. 736 at 32-33. Thus, it does not appear that defendant has established that his family circumstances are sufficiently extraordinary and compelling to warrant consideration of a sentence reduction under § 3582(c)(1)(A)(i).

### 4. Risk of Infection Due to Covid-19 Pandemic

Defendant argues that his risk of infection due to the COVID-19 pandemic provides another extraordinary and compelling reason for consideration of a sentence reduction. However, defendant has cited, and his medical records reflect, no medical conditions that increase his risk of severe illness from COVID-19. Moreover, although the risk to defendants was substantial earlier in the pandemic, the availability of vaccines have greatly altered the picture. As noted above, the BOP is making vaccines available to all inmates; if defendant has not yet been offered one, that surely will happen soon. The Seventh Circuit has held that stating that, "although a prisoner who can show that he is unable to receive or benefit from a vaccine still may turn to this statute, . . . for the vast majority of prisoners, the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release." *United States v. Broadfield*, No. 20-2906, 2021 WL 3076863, at *2 (7th Cir. July 21, 2021). Given that defendant has not contended that he is medically unable to receive or benefit from the available vaccines, he has failed to demonstrate that his risk of COVID-19 infection constitutes an extraordinary and compelling reason to consider a sentence reduction. *United States v. Ugbah*, No. 20-3073, 2021 WL 3077134 (7th Cir. July 21, 2021) (same).

## II. CONCLUSION

For the reasons set forth above, the United States respectfully requests that the Court deny defendant's § 3582(c)(1) motion.

                                                  Respectfully submitted,

                                                  JOHN R. LAUSCH, JR.
                                                  United States Attorney

                               By:    /s/ *Malgorzata Tracz Kozaka*
                                                  MALGORZATA TRACZ KOZAKA
                                                 Special Assistant United States Attorney
                                                 219 S. Dearborn St., Suite 500
                                                 Chicago, IL 60604
                                                 (312) 353-5009

DATE: July 21, 2021

## CERTIFICATE OF SERVICE

The undersigned Assistant United States Attorney hereby certifies that in accordance with Fed. R. Crim. P. 49, Fed. R. Civ. P. 5, LR5.5, and the General Order on Electronic Case Filing (ECF), the Government's Response to Defendant's Motion to Reduce His Life Sentence under §3582(c)(1)(A) document was served pursuant to the district court's CM/ECF system as to ECF filers, if any, and electronically filed with the Clerk of the Court on July 22, 2021.

By: */s/ Malgorzata T. Kozaka*
Malgorzata T. Kozaka
Assistant United States Attorney
219 S. Dearborn Street
Chicago, Illinois 60604
(312) 353-5009