# UNITED STATES DISTRICT COURT
### Northern District of Illinois

| | |
|---|---|
| UNITED STATES OF AMERICA<br>　　v.<br>STEVE LISCANO | **AMENDED JUDGMENT IN A CRIMINAL CASE**<br><br>Case Number:　　1:02-CR-00719(16)<br>USM Number:　　14996-424<br><br>MiAngel C. Cody<br>Defendant's Attorney |

**Date of Original Judgment: 11/29/2005**
**(Or Date of Last Amended Judgment)**

**Reason for Amendment:**

☐ Correction of Sentence on Remand (18 U.S.C. 3742(f)(1) and (2))

☐ Reduction of Sentence for Changed Circumstances (Fed. R. Crim. P. 35(b))

☐ Correction of Sentence by Sentencing Court (Fed. R. Crim. P. 35(a))

☐ Correction of Sentence for Clerical Mistake (Fed. R. Crim. P. 36)

☒ Modification of Imposed Term of Imprisonment Pursuant to Section 404 of the First Step Act

☐ Modification of Supervision Conditions (18 U.S.C. §§ 3563(c) or 3583(e))

☐ Modification of Imposed Term of Imprisonment for Extraordinary and Compelling Reasons (18 U.S.C. § 3582(c)(1))

☐ Modification of Imposed Term of Imprisonment for Retroactive Amendment(s) to the Sentencing Guidelines (18 U.S.C. § 3582(c)(2))

☐ Direct Motion to District Court Pursuant ☐ 28 U.S.C. § 2255 or ☐ 18 U.S.C. § 3559(c)(7)

☐ Modification of Restitution Order (18 U.S.C. § 3664)

**THE DEFENDANT:**
☐ pleaded guilty to count(s)
☐ pleaded nolo contendere to count(s) 　　which was accepted by the court.
☒ was found guilty on count(s) 1 of the Indictment after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section / Nature of Offense | Offense Ended | Count |
|---|---|---|
| 21:846=Cp.F Conspiracy To Possess Controlled Substance and 18:2 Conspiracy | 10/23/2002 | 1 |

The defendant is sentenced as provided in pages **1** through **2** of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984. **Other than the amendments or modifications stated in this judgment, the judgment previously entered shall stand. (See attachments)**

☐ The defendant has been found not guilty on count(s)
☐ Count(s) «dismissd_counts» dismissed on the motion of the United States.

　　　It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

　　　　　　　　　　　　　　　　　September 27, 2021
　　　　　　　　　　　　　　　　　Date of Imposition of Judgment

　　　　　　　　　　　　　　　　　/s/ Thomas M. Durkin
　　　　　　　　　　　　　　　　　Signature of Judge

　　　　　　　　　　　　　　　　　Thomas M. Durkin, United States District Judge
　　　　　　　　　　　　　　　　　Name and Title of Judge

　　　　　　　　　　　　　　　　　September 27, 2021
　　　　　　　　　　　　　　　　　Date

Case: 1:02-cr-00719 Document #: 752 Filed: 09/27/21 Page 2 of 11 PageID #:3775

ILND 245C (Rev. 03/12/2020) Amended Judgment in a Criminal Case (Note: Identify Changes with Asterisks (*))
Sheet 2 – Imprisonment  Judgment – Page 2 of 2

DEFENDANT: STEVE LISCANO
CASE NUMBER: 1:02-CR-00719(16)

# IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of: * Time served as to count 1, stayed for seven days per the final paragraph of the Memorandum Opinion and Order dkt. [751].

- ☐ The court makes the following recommendations to the Bureau of Prisons:
- ☐ The defendant is remanded to the custody of the United States Marshal.
- ☐ The defendant shall surrender to the United States Marshal for this district:
  - ☐ at        on
  - ☐ as notified by the United States Marshal.
- ☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
  - ☐ before 2:00 pm on
  - ☐ as notified by the United States Marshal.
  - ☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows: _____

_____

_____

Defendant delivered on _____ to _____ at_____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By  _____
DEPUTY UNITED STATES MARSHAL

(Rev. 03/05)

# United States District Court
## Northern District of Illinois

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case Number: 02-CR-719-16 |
| v. ) | Judge: James F. Holderman |
| ) | |
| Steve Liscano ) | |

Robert A. Loeb, Defendant's Attorney
Lawrence Beaumont, AUSA

## JUDGMENT IN A CRIMINAL CASE
(For Offenses Committed On or After November 1, 1987)

**THERE WAS A:**

jury verdict of guilty as to count 1 of the indictment.

**THE DEFENDANT IS CONVICTED OF THE OFFENSES(S) OF:**

| Title & Section | Description of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 21 U.S.C.§846 | Conspiracy to possess with intent to distribute cocaine | October 23, 2002 | 1 |

The defendant is sentenced as provided in the following pages of this judgment.

Steve Liscano
02 CR 719-16

Page 2 of 6

## IMPRISONMENT

**IT IS THE JUDGMENT OF THIS COURT THAT:**

the defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total uninterrupted term of **life**.

The Court recommends that the defendant be incarcerated at the closest prison facility to Chicago that is closest to his designation.

## SUPERVISED RELEASE

The life term does not allow for supervised release, but in the event that the defendant is allowed to be released, the period of supervised release will be for five (5) years on Count 1.

If released, the defendant shall report immediately to the probation office in the district in which the defendant is to be supervised, but no later than seventy-two hours after sentencing. In addition, see the attached page(s) defining the mandatory, standard and discretionary conditions of probation that apply in this case.

Steve Liscano  
02 CR 719-16

Page 3 of 6

## MANDATORY CONDITIONS OF SUPERVISED RELEASE
### (As set forth in 18 U.S.C. § 3583 and U.S.S.G. § 5D1.3)

1) For any offense, the defendant shall not commit another federal, state or local crime;

2) for any offense, the defendant shall not unlawfully possess a controlled substance;

3) for offenses committed on or after September 13, 1994, the defendant shall refrain from any unlawful use of a controlled substance and submit to one drug test within fifteen days of release from imprisonment and at least two periodic drug tests thereafter for use of a controlled substance as determined by the court:

4) for a domestic violence crime committed on or after September 13, 1994, as defined in 18 U.S.C. § 3561(b) by a defendant convicted of such an offense for the first time, the defendant shall attend a rehabilitation program in accordance with 18 U.S.C. § 3583(d);

5) for a defendant classified as a sex offender pursuant to 18 U.S.C. § 4042(c)(4), the defendant shall comply with the reporting and registration requirements set forth in 18 U.S.C. § 3583(d);

6) the defendant shall cooperate in the collection of a DNA sample from the defendant if the collection of such a sample is authorized pursuant to section 3 of the DNA Analysis Backlog Elimination Act of 2000 and the Justice for All Act of 2004; and

7) The defendant shall pay any balance on the special assessment, restitution and/or fine imposed against the defendant.

## STANDARD CONDITIONS OF SUPERVISED RELEASE

1) For any felony or other offense, the defendant shall not possess a firearm, ammunition, or destructive device as defined in 18 U.S.C. § 921;

2) the defendant shall not leave the judicial district without the permission of the court or probation officer (travel outside the continental United States requires court authorization);

3) the defendant shall report to the probation officer as directed by the court or the probation officer and shall submit a truthful and complete written report within the first five days of each month;

4) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

5) the defendant shall provide to the probation officer access to any requested financial information including, but not limited to, tax returns, bank statements, credit card statements, credit applications, etc.;

6) the defendant shall support his or her dependents and meet other family responsibilities;

7) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

8) the defendant shall notify the probation officer ten (10) days prior to any change in residence or employment;

9) the defendant shall refrain from excessive use of alcohol;

10) the defendant shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician, and shall submit to periodic urinalysis tests as requested by the probation officer to determine the use of any controlled substance;

11) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

12) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted

Steve Liscano  
02 CR 719-16

of a felony unless granted permission to do so by the probation officer;

13) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

14) the defendant shall notify the probation officer within seventy-two (72) hours of being arrested or questioned by a law enforcement officer;

15) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

16) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement; and

17) if this judgment imposes a special assessment, restitution or a fine, it shall be a condition of probation or supervised release that the defendant pay any such special assessment, restitution or fine in accordance with the court's order set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall participate in a drug aftercare program approved by the probation officer, which may include residential program for treatment of a narcotic addiction or drug or alcohol dependency and/or testing for detection of substance use or abuse.

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the "Schedule of Payments." Unless waived, the defendant shall pay interest on any restitution and/or fine of more than $2,500, unless the restitution and/or fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. § 3612(f). The payment options may be subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

| Total Assessment(s) | Total Fine | Restitution | Mandatory Costs of Prosecution |
|---|---|---|---|
| $100.00 | $25,000 | Not applicable | $ |

The defendant shall notify the United States Attorney's Office having jurisdiction over the defendant within thirty days of any change of name, residence or mailing address until all special assessments, restitution, fines, and costs imposed by this judgment are fully paid.

The court determined that the defendant does not have the ability to pay interest and it is ordered that the interest requirement is waived for the fine.

## SCHEDULE OF PAYMENTS

- Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest, (7) penalties, and (8) costs, including cost of prosecution and court costs. If this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment.

- All criminal monetary penalty payments, except those payments made through the Bureau of Prisons' Inmate financial Responsibility Program, are to be by money order or certified check payable to the Clerk of the Court, U.S. District Court, unless otherwise directed by the Court.

- Unless waived, the defendant shall pay interest on any fine and/or restitution of more than $2,500, unless the same is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. § 3612(f). Payment options included herein may be subject to penalties of default and delinquency pursuant to 18 U.S.C. § 3612(g).

- Pursuant to 18 U.S.C. §§ 3613(b) and ©) and 3664(m), restitution and/or fine obligations extend for twenty years after release from imprisonment, or from the date of entry of judgment if not sentenced to a period of imprisonment.

Payment of the total criminal monetary penalties shall be due as follows:

The special assessment amount of $100.00 is due immediately and shall be paid in full.

With regard to the fine amount of $25,000.00, the defendant shall pay $500.00 per year from the funds received by participation in the Inmate Financial Responsibility Program allowed at the Bureau of Prisons facilities.

Pursuant to 18 U.S.C. § 3664(k) the defendant must notify the court of any material changes in the defendant's economic circumstances. Upon such notice, the court may adjust the installment payment schedule.

Pursuant to 18 U.S.C. § 3664(n), if a person is obligated to provide restitution, or pay a fine, received substantial resources from any source, including inheritance, settlement, or other judgment, during a period of incarceration, such person shall be required to apply the value of such resources to any restitution or fine still owed.

Steve Liscano
02 CR 719-16

## FORFEITURE

Forfeiture is ordered as provided in the attached preliminary order of forfeiture.

The defendant is immediately remanded to the custody of the United States Marshal.

Date of Imposition of Judgment/Sentencing:     November 29, 2005

*James F. Holderman*

JAMES F. HOLDERMAN
UNITED STATES DISTRICT JUDGE

Dated at Chicago, Illinois this 28th day of December, 2005

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| UNITED STATES OF AMERICA | ) | | |
|---|---|---|---|
| | ) | | |
| v. | ) | No. | 02 CR 719-16 |
| | ) | | |
| STEVE LISCANO | ) | | Judge James F. Holderman |

## PRELIMINARY ORDER OF FORFEITURE

This cause comes before the Court on motion of the United States for entry of a preliminary order of forfeiture as to specific property pursuant to the provisions of Title 21, United States Code, Section 853(a)(1) and (2), and Fed. R. Crim. P. 32.2, and the Court being fully informed hereby finds as follows:

(a) On November 20, 2002, an indictment was returned charging defendant STEVE LISCANO ("LISCANO"), and others with violations of the Controlled Substances Act pursuant to the provisions of 21 U.S.C. §§ 841 and 846, among other violations;

(b) The indictment sought forfeiture to the United States of specific property pursuant to the provisions of 18 U.S.C. § 853(a)(1) and (2);

(c) Beginning on June 6, 2003, a jury trial was held before this Court;

(d) On June 17, 2003, a verdict of guilty was returned against defendant LISCANO on several counts of the indictment, including Count One, thereby making certain property subject to forfeiture pursuant to 21 U.S.C. § 853;

(e) Furthermore, on June 17, 2002, upon consideration of the forfeiture allegations in the indictment, the jury returned a special forfeiture verdict finding funds in the amount of $13,738.25 and $1,737.00 subject to forfeiture pursuant to the provisions of 21 U.S.C. § 853(a)(1) and (2),

which funds represent proceeds that defendant LISCANO obtained, directly or indirectly, as a result of his violations of narcotics activities and funds further represents property used or intended to be used, in any manner, to facilitate the commission of his narcotics activities;

(f)    Accordingly, the United States seeks forfeiture of all right, title, and interest that defendant LISCANO may have in funds in the amount of $13,738.25 and $1,737.00, so that the funds may be disposed of according to law;

(g)    The United States requests that terms and conditions of the preliminary order of forfeiture entered by the Court be made part of the sentence imposed against defendant LISCANO and included in any judgment and commitment order entered in this case against him;

Accordingly, it is hereby ORDERED, ADJUDGED and DECREED:

1.    That, pursuant to the provisions of 21 U.S.C. § 853(a)(1) and (2) and Fed. R. Crim. P. 32.2, all right, title and interest of defendant LISCANO in funds in the amounts of $13,738.25 and $1,737.00 are hereby forfeited to the United States of America for disposition according to law;

2.    That, pursuant to the provisions of 21 U.S.C. § 853(g), upon entry of this preliminary order of forfeiture, the United States Marshal shall seize and take custody of the property for disposition as the Attorney General may direct;

3.    That, pursuant to the provisions of 21 U.S.C. § 853(n)(1), upon entry of this preliminary order of forfeiture, the United States shall publish notice of this order and of its intent to dispose of the property according to law. The government may also, to the extent practicable, pursuant to statute, provide direct written notice to any person known to have alleged an interest in the property that is the subject of the preliminary order of forfeiture as a substitute for published notice as to those persons so notified. The government is unaware, at this time, of anyone who

qualifies for such notice;

4. That, pursuant to the provisions of 21 U.S.C. § 853(n)(2), any person other than the defendant, asserting a legal claim in the property which has been ordered forfeited to the United States may, within thirty days of the final publication of notice or this receipt of notice under paragraph three (3) whichever is earlier, petition this Court for a hearing to adjudicate the validity of this alleged interest in the property. The hearing shall be held before the Court alone, without a jury;

5. That, following the Court's disposition of all third party interests, the Court shall, if appropriate, enter a final order of forfeiture as to the property which is the subject of this preliminary order of forfeiture, which shall vest clear title in the United States of America;

6. That, terms and conditions of this preliminary order of forfeiture are part of the sentence imposed against defendant LISCANO and shall be made part of any judgment and commitment order entered in this case against him;

7. That, this Court shall retain jurisdiction in this matter to take additional action and enter further orders as necessary to implement and enforce this forfeiture order.

JAMES F. HOLDERMAN
United States District Judge

DATED: 11/30/05